UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| KARI LYNN KILWAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-38 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought *pro se* by plaintiff under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that she was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits.  Plaintiff filed her applications for benefits on October 17, 2008, alleging a June 16, 2007 onset of disability.[1]  (A.R. 131-36).  Her claims were denied on initial review.  (A.R. 82-89).  On November 16, 2010, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel.  (A.R. 33-79).  On December 7, 2010, the ALJ issued a decision finding that plaintiff was not disabled.  (A.R. 15-25).  On June 16, 2011, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

---

[1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335;  *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004).  The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed.  Thus, November 2008 is plaintiff's earliest possible entitlement to SSI benefits.

On January 13, 2012, plaintiff filed a complaint seeking judicial review of the Commissioner's decision.[2]  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment.  (docket # s 10, 11).  Plaintiff argues that missing medical records made it appear that she had "very little to back [her] claim of disability" and it "detracted from [her] credibility as a witness."  (Plf. Brief at 3, docket # 12, ID# 467).  She asks the court for an order "remanding this claim back to the original judge to review the medical records that had been misplaced." (Reply Brief at 1, docket # 15, ID# 488).  Further, she states that exhibits she sent to the Appeals Council were lost and that the Appeals Council should have granted her request for reconsideration.  (Plf. Brief at 3-5, ID#s 467-69).  Upon review, the court finds that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision.  The Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2]Plaintiff filed her complaint outside the 60-day period for seeking review of the Commissioner's decision.  42 U.S.C. § 405(g).  The 60-day requirement is a statute of limitations. *Bowen v. New York*, 476 U.S. 467 (1986); *Cook v. Commissioner*, 480 F.3d 432 (6th Cir. 2007). Defendant did not assert the affirmative defense of the statute of limitations.  (docket # 5).  The affirmative defense has been waived.  FED. R. CIV. P. 8(c); *see Castell v. Commissioner*, No. 07-cv-12641, 2008 WL 1902068, at * 1 (E.D. Mich. Apr. 30, 2008).

conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference."  *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ.").  "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on June 16, 2007, her alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision.  (A.R. 17).  Plaintiff had not engaged in substantial gainful activity on or after June 16, 2007.  (A.R. 17).  The ALJ found that plaintiff had the following severe impairments:  "Tourette's syndrome with coprolalia, somatization disorder, depression in partial remission, and alcohol abuse." (A.R. 18).  Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  (A.R. 18).  The ALJ found that plaintiff retained the residual functional capacity (RFC) for a full range of work at all exertional levels, with the following limitations:

> [T]he claimant is to have no contact with the public and can only work with five or fewer coworkers.  The claimant can do repetitive work with both upper extremities (including handling, fingering and touching).  She is limited in her ability to grasp and cannot exert more than ten pounds bilaterally.  Up to twice a week, the claimant would have limited use of her dominant upper extremity for a period of up to one hour.

(A.R. 20).  The ALJ determined that plaintiff's subjective complaints were not fully credible.  (A.R. 20-23).  Plaintiff could not perform her past relevant work.  (A.R. 23).  Plaintiff was 34-years-old as of her alleged onset of disability and 38-years-old as of the date of the ALJ's decision.  Thus, she was classified as a younger individual at all times relevant to her claims for DIB and SSI benefits.  (A.R. 23).  Plaintiff has at least a high-school education and is able to communicate in English.  (A.R. 23).  The transferability of work skills was not material to a determination of disability.  (A.R. 23).  The ALJ then turned to the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 3,800 jobs in Michigan's Lower Peninsula that the

hypothetical person would be capable of performing.  (A.R. 75-76).  The ALJ found that this constituted a significant number of jobs and held that plaintiff was not disabled.  (A.R. 24-25).

## 1.

Plaintiff argues that exhibits she sent to the Appeals Council were lost and that the Appeals Council should have granted her request for reconsideration of its decision denying her request for review.  On June 16, 2011, the Appeals Council denied plaintiff's request for discretionary review.  (A.R. 5-7).  Three months later, plaintiff's attorney wrote a letter to the Appeals Council asking it to reconsider its decision.  On November 16, 2011, the Appeals Council denied the request for reconsideration:

> Your letter dated September 14, 2011, asserted that medical evidence of the claimant's treatment starting in 2003 was submitted but not considered, and that records of treatment by Gary Moranville, M.D., may have been submitted, but if not were being submitted now. A supplemental letter from Ms. Kilway dated September 29, 2011, further asserts that records from Manistee-Benzie Community Mental Health were not included in the record, and therefore not considered by either the Administrative Law Judge or the Appeals Council.

> Inasmuch as the claimant alleged her disability began in 2007, records from 2003 would not be relevant to the issues.  With regard to treatment by Dr. Moranville, he was not listed by the claimant as a treating source (Exhibits 3E, 9E, 12E, 18E).  Your letter did not indicate when he treated the claimant, nor for what condition.  No records from Dr. Moranville have at any time been submitted, despite repeated requests that any additional records the claimant wanted to be considered should be submitted immediately.  Records from Manistee-Benzie were admitted to the record as Exhibit 1F.

> Inasmuch as no new and material evidence has been submitted, and the evidence considered does not show that an error was committed, the Appeals Council found no reason to reopen and change the decision. This means that the Administrative Law Judge's decision remains the final decision of the Commissioner of Social Security in this case.

(A.R. 1-2).  The scope of this court's review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review.  *See Matthews v. Apfel*, 239 F.3d

589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council's decision to deny review."). The Appeals Council's decision against reopening plaintiff's earlier claims for benefits is not subject to judicial review. *See Califano v. Sanders,* 430 U.S. 99, 107-08 (1977).

## 2.

Plaintiff argues that the ALJ's decision should be overturned on the basis of evidence that she never presented to the ALJ. This is patently improper. It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision on the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

Plaintiff asks the court to remand this matter to the Commissioner.  (Reply Brief at 1, docket # 15, ID# 488).  "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)."  *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006).  The statute permits only two types of remand:  a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision.  *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009).  The court cannot consider evidence that was not submitted to the ALJ in the sentence four context.  It only can consider such evidence in determining whether a sentence-six remand is appropriate.  *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding.  *See Hollon*, 447 F.3d at 483; *see also Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010).  Courts "are not free to dispense with these statutory requirements."  *Hollon*, 447 F.3d at 486.  Three documents proffered by plaintiff are "new" because they were generated after the ALJ's decision.  *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.  The first document is a two-sentence letter dated June 6, 2011, in which Client Advocate Tamara O'Brien states: "Kari Kilway has been receiving services from the Women's Resource Center since 2001.  If you have any questions, please feel free to contact me." (docket # 7-2, ID# 304).  The second document is a transcript from Ferris State University providing

-7-

plaintiff's grades for the Spring 2011 term and her overall 3.02 GPA.  (docket # 7-2, ID# 313).  The

third document is a form Dr. Robens signed on March 21, 2011, stating his opinion that plaintiff was

disabled.  (docket # 7-4, ID# 477).

"Good cause" is not established solely because the new evidence was not generated

until after the ALJ's decision.  *See Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012).

The Sixth Circuit has taken a "harder line."  *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d

964, 966 (6th Cir. 1986).  The moving party must explain why the evidence was not obtained earlier

and submitted to the ALJ before the ALJ's decision.  *See Ferguson*, 628 F.3d at 276.  Plaintiff has

not addressed, much less carried, her burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of

the evidence would have reasonably persuaded the Commissioner to reach a different conclusion.

*See Ferguson*, 628 F.3d at 276; *Foster v. Halter*, 279 F.3d at 357.  Ms. O'Brien's letter adds nothing

of substance.  The form Dr. Robens signed in 2011 and plaintiff's spring 2011 transcripts from Ferris

State University do not address plaintiff's condition during the period at issue:  June 16, 2007,

through December 7, 2010.  In addition, plaintiff's cumulative GPA would further undercut her

claims of a disabling mental impairment.  Dr. Robens's opinion that plaintiff was disabled would

be entitled to no weight, because the issue of disability is reserved to the Commissioner.  *See* 20

C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir.

2004).  A treating physician's opinion[3] that a patient is disabled is not entitled to any special

significance.  *See* 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d

506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he

_____

[3] The court assumes for analytical purposes that Dr. Robens was a treating physician.

determination of disability [is] the prerogative of the Commissioner, not the treating physician."). The proffered evidence would not have reasonably persuaded the Commissioner to reach a different decision on the issue of whether plaintiff was disabled on or before December 7, 2010.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's request for a sentence-six remand is denied. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**3.**

Plaintiff argues that missing medical records made it appear that she had "very little to back [her] claim of disability" and it "detracted from [her] credibility as a witness." (*Id.* at 3, ID# 467). The court must base its review on the record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478. Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels*

*v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d at 1234.

The ALJ gave a lengthy and detailed explanation why she found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (A.R. 20-23). The lack of supporting medical evidence was only one of the reasons the ALJ found that plaintiff's testimony was not credible:

> After examining the claimant's testimony in light of the objective medical evidence of record, I find the claimant was not fully credible about the extent of her impairments. The claimant's earnings records and testimony show she was collecting unemployment benefits over a year after she applied for disability (4D/1, 11D/1). In order to qualify for such benefits, applicants typically must affirm they are capable of working.
>
> Additionally, the claimant's daily activities detract from her credibility. There are several instances in the record noting the claimant worked part time at work and attended school part time (6F/5, 7F/4, 6, 10F/13). The claimant testified at the hearing that she has been a part time student for approximately eight years. Dr. Hayes suggested that the claimant quit attending college and work more shifts so she could pay her bills (6F/5). Additionally, Dr. Hayes noted if the claimant's complaints and history reported on the day of examination were as problematic as she claimed them to be, one could assume that she would most likely fail out of college (6F/5).
>
> Dr. Cullen-Ott noted the claimant was able to maintain a work and school schedule, which appeared to constitute a full time work schedule, and she did not report any difficulty maintaining this schedule (7F/6). The health professionals at DSS noted the claimant stated she had difficulty with her memory, needed reminders to take medications and did not follow instructions well (4E/5, 8, 10F/13). However, the DSS opined that this was inconsistent with someone who is working 16 hours a week and taking two college courses per school term

(10F/3).  Additionally, the claimant worked for over a year after her alleged onset date, earning income above the substantial gainful activity limits.  (12D/2).

The claimant's history of treatment also detracts from her credibility.  The health professionals at the DSS noted the claimant has not been in any consistent treatment for psychiatric impairments (10F/13).  They additionally noted that claimant rarely seeks treatment for her Tourette's syndrome (10F/13).  The claimant's relatively infrequent trips to the doctor for allegedly disabling symptoms detracts from her credibility.

(A.R. 22-23).  The ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision will be affirmed.


Dated:   January 28, 2013                    /s/  Joseph G. Scoville_____
                                                United States Magistrate Judge